## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR ROBERTSON, | ) | |
| ID #00810677, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-0437-C (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Pro-se Motion in Request of Staying Tolling Time on Petitioner's Writ of Habeas Corpus (11.07, § 4(a)(2)) Pending in the State Court*, received February 16, 2017 (doc. 3).  Based on the relevant findings and applicable law, the this action should be **DISMISSED** for lack of subject matter jurisdiction.

### I.  BACKGROUND

Arthur Robertson (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  He was convicted of murder in Cause No. F97-03335 in Dallas County, Texas, on December 12, 1997, and he was sentenced to ninety years' confinement.  *See* www.tdcj.state.tx.us (search for petitioner).  The judgment was affirmed on appeal.  *See Robertson v. State*, No. 05-98-00089-CR (Tex. App. – Dallas Jan. 7, 2000).  His petition for discretionary review was refused by the Texas Court of Criminal Appeals.  *See Robertson v. State*, PD-0499-00 (Tex. Crim. App. May 3, 2000).  His first state habeas application challenging this conviction was denied on June 13, 2001.  *See Ex parte Robertson*, WR-78,448-02 (Tex. Crim. App. June 13, 2001).  He filed two more state habeas applications challenging this

conviction that were dismissed as successive. *See Ex parte Robertson*, WR-78,448-02 (Tex. Crim. App. Apr. 13, 2011); *Ex parte Robertson*, WR-78,448-04 (Tex. Crim. App. Oct. 5, 2016).

Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 challenging his conviction, which was denied. *See Robertson v. Cockrell*, No. 3:01-CV-1314-D (N.D. Tex. Apr. 18, 2003). He filed a second federal habeas petition that was dismissed as successive. *See Robertson v. Thaler*, No. 3:10-CV-1101-P (N.D. Tex. July 12, 2010). He then filed a motion for authorization to file a successive federal habeas petition, which was denied by the United States Court of Appeals for the Fifth Circuit. *See In re Robertson*, No. 11-11077 (5th Cir. Jan. 4, 2012).

Petitioner now claims that he re-submitted his state habeas application on February 9, 2017, to exhaust a claim, and he asks that his tolling time be stayed. It appears that he is asking that the statute of limitations for filing a § 2254 federal habeas petition be statutorily tolled under 28 U.S.C. § 2244(d)(2).

## II. JURISDICTION

Federal courts lack jurisdiction to consider matters regarding a habeas petition until such a petition is actually filed. *See United States v. McFarland*, 125 F. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [habeas] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory' ") (quoting *United States v. Leon*, 203 F.3d 162,163 (2d Cir. 2000)); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a

justiciable case or controversy. *Gray*, 2008 WL 5385010 at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted)).

Here, Petitioner asks that the statute of limitations be tolled while his state habeas application is pending. A ruling on his motion will require an advance determination of whether statutory tolling will apply in determining the timeliness of a federal habeas petition. Without the filing of a § 2254 petition, this Court lacks subject matter jurisdiction to grant relief on Petitioner's motion.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 21st day of February, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE